IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Joshua Brandon Phillips, #335243, | ) ) ) |
| Petitioner, | ) C.A. No. 9:18-2066-HMH-BM ) |
| vs. | ) **OPINION & ORDER** ) |
| Warden of Turbeville Correctional Institution, | ) ) ) ) |
| Respondent. | ) |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Bristow Marchant made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Joshua Brandon Phillips ("Phillips") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In his Report and Recommendation filed on January 4, 2019, Magistrate Judge Marchant recommends granting the Respondent's motion for summary judgment, denying Phillips' motion for summary judgment, and dismissing Phillips' petition with prejudice. (R&R 27, ECF No. 28.)

After receiving no timely objections and determining that there was "no clear error on the face of the record," Diamond v. Colonial Life & Accident Insurance Co., 416 F.3d 310, 315 (4th Cir. 2005), the court adopted the Report and Recommendation, granted Respondent's

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

motion for summary judgment, denied Phillips' motion for summary judgment, and dismissed Phillips' 28 U.S.C. § 2254 petition with prejudice in an order dated January 29, 2019. (Jan. 29, 2019 Order, ECF No. 30.) On January 30, 2019, after the order was entered, the court received a document from Phillips titled "In Opposition To Respondent's Report And Recommendation," which the court construes as Phillips' objections to the magistrate judge's Report. (Objs., generally, ECF No. 33.) In an abundance of caution, the previous court order issued on January 29, 2019, is hereby vacated, and the court now considers Phillips' objections.

Objections to the Report and Recommendation were due by January 21, 2019. Phillips dated his objections January 22, 2019, and the objections were stamped received by the prison mailroom on January 22, 2019.[2] (Id. 5, Ex. 1 (Envelope), ECF Nos. 33 & 33-1.) Even accepting the date on the objections, the objections are untimely. See Djenasevic v. U.S. Dep't of Justice, No. 15-6076, 604 Fed. App'x 328, 328 (Mem.) (4th Cir. Jun. 16, 2015) (unpublished) (holding that, under the prison mailbox rule, the date the inmate delivers a legal document to prison officials for mailing, rather than the date prison officials process the deposited mail, is the date of filing). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond, 416 F.3d at 315 (quoting Fed. R. Civ. P. 72 advisory committee's note).

Phillips gives no excuse or reason for his tardiness, nor does the court find any cause for his delay. Accordingly, Phillips waived this court's review of the Report and Recommendation. See Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989) ("Pro se litigants . . . are subject to the

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988).

time requirements and respect for court orders without which effective judicial administration would be impossible."); see also Taylor v. Gainey, No. 06-6940, 2006 WL 2871206, at *1 (4th Cir. Oct. 10, 2006) (unpublished) ("The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance.").

Moreover, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Even if Phillips' objections were timely, the court finds that the objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Marchant's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that the previous order adopting the Report and Recommendation, dated January 29, 2019, docket number 30, is vacated. It is further

**ORDERED** that Respondent's motion for summary judgment, docket number 14, is granted. It is further

**ORDERED** that Phillips' motion for summary judgment, docket number 19, is denied, and the petition, docket number 1, is dismissed with prejudice. It is further

**ORDERED** that a certificate of appealability is denied because Phillips has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
February 1, 2019

## NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.